UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**N.T.**, *et al.*,

        Plaintiffs,

        v.

**District of Columbia**,

        Defendant.

Case No. 23-cv-370 (CRC)(MJS)

### Opinion Adopting the Magistrate Judge's Report & Recommendation

Having fully considered the Magistrate Judge's June 9, 2025, Report and Recommendation ("R&R") [ECF No. 17], Plaintiffs' Objections [ECF No. 19], and the District of Columbia's Response [ECF No. 20], as well as relevant portions of the administrative record, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation in full and will by separate order grant summary judgment for the District and deny summary judgment to Plaintiffs. The Court briefly addresses Plaintiffs' three main objections.

First, the Court concurs with the Magistrate Judge that the Hearing Officer properly determined that the IEPs developed by DCPS in each of the three years in question—which all included a suite of special education services—offered N.P. a free appropriate public education ("FAPE"). See R&R at 11–12; Corrected Hearing Officer's Determination ("HOD"), AR 31–34. Any framing of that issue by the Hearing Officer as a determination that meeting N.P.'s needs did not require a private-school placement, as Plaintiffs requested, is immaterial to the substance of the Hearing Officer's FAPE finding. See A.D. v. District of Columbia, 2022 WL 683570, 20-cv-2765 (BAH), at *8 (D.D.C. Mar. 8, 2022).

Second, the Magistrate Judge properly deferred to the Hearing Officer's weighing of evidence, including his credibility determinations, which are owed particular deference. R&R at

12–23; HOD, AR 17, AR 24–27, AR 31–32, AR 34.  As the Magistrate Judge recounted, the Hearing Officer's assessment of the evidence concerning the adequacy of N.P.'s IEPs was fulsome and reasoned.  R&R at 13–17; HOD, AR 24–27, AR 31–32, AR 34.  And the Hearing Officer was not required to credit Plaintiffs' witnesses over DCPS's because only they interacted with N.P. personally.  R&R at 17–23.

Finally, as the Magistrate Judge found, DCPS's refusal to allow Plaintiffs' consultant to attend a site visit at one of N.T.'s proposed placements and its failure to answer certain of their questions about N.T.'s IEPs did not "significantly impede[]" Plaintiffs' participation in the placement process, 20 U.S.C. § 1415(f)(3)(E)(ii)(II), or "otherwise affect[] N.T.'s *substantive* rights."  R&R at 25 (emphasis in original) (citing Lesesne v. District of Columbia, 447 F.3d 828, 834 (D.C. Cir. 2006)).  While the exigencies of the Covid-19 pandemic may not fully excuse DCPS's apparent unresponsiveness, the overall record indicates that N.T.'s parents were active and informed participants in the consultative IEP process.  Id. at 25–27.  And nowhere do they suggest how more thorough responses to their inquiries might have lessened their opposition to DCPS's proposed in-system placements.

Accordingly, the District of Columbia is entitled to summary judgment.

A separate order accompanies this opinion.

CHRISTOPHER R. COOPER<br>
United States District Judge

Date:  September 12, 2025